## CRAIGER *v.* KOCH.

[No. 14,595.   Filed October 6, 1932.]

*William D. Hardy,* for appellant.
*Henry W. Kamman,* for appellee.

BRIDWELL, J.—Appellant filed an application for adjustment of his claim for compensation against appellee, his employer, with the Industrial Board of Indiana under the provisions of the Indiana Workmen's Compensation Act of 1929.

The application was heard by the full Industrial Board upon review, and an award entered denying compensation to appellant, from which award this appeal

is taken, the appellant assigning as error that the award is contrary to law.

The Board found, among other facts, "that the nature of the work that plaintiff was engaged in at the time of the injury was casual labor, and not in the usual course of the defendant's business or occupation, and therefore is not compensable under the Indiana Workmen's Compensation Act." If this finding is sustained by any competent evidence, it is binding upon this court, and compensation was properly denied.

There is evidence to prove that on the 29th day of October, 1930, appellant received personal injuries by reason of an accident arising out of and in the course of his employment resulting in a total loss of the vision of his left eye; that at the time of the accident he was helping appellee to tear down an old barn located upon premises owned by appellee and occupied by appellant as a tenant; that appellant's occupation for a period of 35 years was that of a "sheet metal worker," and he had not been employed as an ordinary laborer or carpenter prior to the day of his injury, and had never worked for appellee before that day; that appellee's occupation was that of a carpenter, and for many years prior to the year 1923 he had contracted to do work for others and hired other persons to assist him; that the last contract he had where he employed men was in 1922; that he quit contracting because of injuries received, his foot being broken, his leg broken, and there was trouble with his back, and he was under a physician's care for about seven years following such injuries; that about three years before the hearing in the instant case he had had a stroke of paralysis, which kept him confined for seven or eight months; that he did his own repair work on properties owned by him, but had not "contracted" for the last nine years; that if he could

"pick up" a little garage to build, or a little repair work, where he could do the work himself, he would do so; that within the last year he had not employed any labor; that he owned seven pieces of rental property and would repair his own property when able to do so; that if he needed labor to clean up a place he would employ it, and in the year prior to appellant's injury he had about eight or ten days' work done by other persons under his employment.

There is also evidence disclosing that at the time of appellant's employment no agreement was made as to wages, appellant testifying that appellee told him he couldn't pay very much and that he (appellant) told appellee that he didn't care so much about the wages just so he could get a little something out of it to help him along.

The questions as to whether appellant's employment was both casual and not in the usual course of any trade, business, occupation, or profession of appellee are questions of fact for the determination of the Industrial Board, and, after considering the evidence, we are of the opinion that it is sufficient to sustain the finding of facts made and that the facts found are sufficient to sustain the award.

Award affirmed.